UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHELLE LYNN CANFIELD,

     Plaintiff,

     v.                                              Case No. 23-4106-DDC-RES

MABAN WRIGHT, et al.,

     Defendants.

<u>REPORT AND RECOMMENDATION</u>

On November 15, 2023, the Court granted Plaintiff Michelle Lynn Canfield's motion to proceed in forma pauperis ("IFP"). ECF No. 5. In that order, the Court withheld service of process on Defendants until the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 1. Prior to screening the original complaint, the Court provided Plaintiff with an opportunity to file an amended complaint on or before December 6, 2023, to address concerns the Court detailed in writing to Plaintiff. *Id.* at 2-3. Plaintiff did not file an amended complaint or otherwise respond.

For the reasons explained below, the Magistrate Judge recommends that the District Judge dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a federal claim upon which relief may be granted. The Magistrate Judge further recommends that the District Judge decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and dismiss them without prejudice.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**

On November 7, 2023, Plaintiff filed her complaint. ECF No. 1. Plaintiff used this District's pro se civil complaint form to file her complaint and checked the box that this Court has jurisdiction under 28 U.S.C. § 1343 because of alleged violations of her civil or equal rights,

privileges, or immunities. *Id.* at 3. As far as the Court can discern, Plaintiff is suing: (1) Maban Wright, an individual who is listed only in the case caption and described as "Shawnee County Courthouse" with the address for the courthouse for the Third Judicial District in Topeka, Kansas, *id.* at 1; (2) "Scott Jacobs and Johnathon Noble," who are identified as "N.E. Conflicts Office," *id.* at 2; and (3) "Topeka Police Department Officers Topeka, Kansas Arresting Officers." *Id.*

Plaintiff includes only three paragraphs in support of her claims. On page 3 of the complaint, Plaintiff states the following:

> November 7th, 2023 Denied to honor my constitutional, human all, civil rights, [I just wanted to be treated fairly] By institution of malice frivolous claims, placing in injury (injustice) to be subjected to false arrest, competency evaluation, Jail without bail, Engaged no care to professionalism honoring my protectecred personal rights, Due process, 1st Amendment, 11th Amendment, and more

*Id.* at 3 (language, punctuation, and capitalization original).[1] Under the "Relief" section of the form complaint, Plaintiff states:

> Protection Order and reimbursed loss of wages, defamation character, obstruction, property replaced/repaired 1,000,000-75,000$ To be with relief ordering the defendants to stop process of trespass and abuse infringement of my civil liberty respect of my property which they will leave alone. Agreement to be equals not a threat no contact ever

*Id.* at 3-4 (language, punctuation, and capitalization original). Under the "Administrative Procedures" section of the form complaint, Plaintiff states:

> I tried person to person explain my position if I was free without restraint or just simply ignored. Communication has been ignored by the defendants. Anything I could have done to resolve has no effect.

---

[1]    The Court notes that Plaintiff's complaint was filed on November 7, 2023. It is unclear whether the date in the complaint is intended to reflect the filing of the complaint or when the events alleged in the complaint occurred. Because no other dates appear in the complaint, the Court assumes that the events in the complaint occurred on or around that date.

*Id.* at 5 (language, punctuation, and capitalization original).

Along with the complaint, Plaintiff filed a motion to proceed IFP. ECF No. 3. The Court granted Plaintiff's IFP motion because her financial situation warranted waiving the filing fee. ECF No. 5. The Court, however, did not direct service of process on Defendants at that time because the complaint would be screened for merit pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at 1.

In the Court's November 15, 2023 order granting Plaintiff's motion to proceed IFP, the Court put Plaintiff on notice that her complaint likely violated Rule 8(a) because the complaint did not contain a short and plain statement showing that she is entitled to relief. *Id.* at 2-3. The Court stated that the complaint "is entirely devoid of any facts that explain what each Defendant did to her, how their actions harmed her, and what specific legal rights she believes each Defendant violated." *Id.* at 2. The Court could not identify how she could be entitled to relief because Plaintiff referenced "unspecified civil rights violations and constitutional amendments with no tie to Plaintiff herself or how each Defendant allegedly committed these violations." *Id.* at 3. In an effort to allow Plaintiff to cure these deficiencies, the Court provided Plaintiff with the opportunity to file an amended complaint on or before December 6, 2023, that complied with Rule 8's requirement for a short and plain statement and to clarify the factual and legal claims by Plaintiff against each Defendant. *Id.* at 3.

Plaintiff did not file an amended complaint by the Court's deadline or as of the date of this Report and Recommendation.[2] As the Court warned Plaintiff, the Court will screen her complaint as it currently exists. *Id.* at 4.

---

[2]     On November 7, 2023, Plaintiff signed the District's pro se electronic notification registration form. ECF No. 4. By registering, Plaintiff consented to electronic service of all

## II.     DISCUSSION

As the Court identified in its order granting Plaintiff's IFP motion, Plaintiff's complaint is devoid of any facts that explain what Defendants did to her, how their actions harmed her, or what specific legal rights she believes Defendants violated.  Liberally construing Plaintiff's complaint, it appears she may be bringing a 42 U.S.C. § 1983 claim against Defendants for an alleged false arrest, which resulted in her being placed in jail without bail and subject to a competency evaluation.[3]  Plaintiff may also be bringing § 1983 claims for malicious prosecution and false imprisonment.  In addition, it is possible that Plaintiff is alleging state law claims, including claims for trespass and defamation.[4]

---

documents.  *Id.*  The Court's order granting Plaintiff's motion to proceed IFP was electronically filed on November 15, 2023.  ECF No. 5.

[3]     The Court does not construe Plaintiff's alleged competency evaluation as an additional § 1983 claim because Plaintiff does not point to any caselaw or authority, and this Court has been unable to find any, that a plaintiff may bring a claim under § 1983 for wrongfully being subjected to a competency evaluation.  *See, e.g., Smyth v. Barnette*, No. CV 7:16-347-RBH-PJG, 2016 WL 1638723, at *3 (D.S.C. Feb. 22, 2016), *report and recommendation adopted*, No. 7:16-CV-00347-RBH, 2016 WL 1625833 (D.S.C. Apr. 25, 2016) (plaintiff's "complaint of some unspecified but illegal or rule-breaking conduct by the defendants when they requested or ordered competency evaluations does not sufficiently invoke a constitutional right that would give rise to a § 1983 claim." (citing *West v. Atkins*, 487 U.S. 42, 48 (1988))).

[4]     The Court only construes Plaintiff's potential defamation and trespass claims as state law claims because she does not allege an underlying injury to a constitutional right in association with those claims, and the Court is unable to discern one from the complaint.  *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."); *Angel v. Torrance Cnty. Sheriff's Dep't*, 183 F. App'x 707, 708 (10th Cir. 2006) ("defamation alone does not amount to an actionable § 1983 claim"); *Pioneer Nat. Res. Co. v. Gatza*, No. 05-CV-02434-CBS, 2006 WL 1547310, at *5 (D. Colo. June 2, 2006) ("'[t]respass, while actionable under state law, does not in and of itself constitute a constitutional violation . . . .'" (quoting *Kelly v. Bencheck,* 921 F.Supp. 1465, 1469 (E.D.N.C.1996), *aff'd* 107 F.3d 866 (4th Cir. 1997))); *see also Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) ("Section 1983 imposes liability for violations of rights protected by the Constitution or laws of the United States, not for violations of duties of care arising out of tort law. Remedies for the latter type of injury must be sought in the state court under the traditional tort-law principles.").

Outside of these claims, the Court cannot discern any other causes of action Plaintiff may be raising because Plaintiff merely cites unspecified "civil rights" and constitutional amendments without any facts to support her constitutional labels. *See* ECF No. 1 at 3; *see also Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) ("mere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Here, even if Plaintiff had offered factual allegations, some of her citations to constitutional amendments do not create a cause of action. For example, Plaintiff cites the Eleventh Amendment, but "[t]he Eleventh Amendment grants sovereign immunity to the states and its agencies, and operates to divest the court of subject-matter jurisdiction." *Etheredge v. Kansas*, No. 23-2333-JAR-ADM, 2023 WL 5351163, at *3 (D. Kan. Aug. 21, 2023), *report and recommendation adopted*, No. 23-2333-JAR-ADM, 2023 WL 9196696 (D. Kan. Sept. 12, 2023). Plaintiff does not explain how this Amendment could create a private right of action for her against any of the named Defendants. Regardless, Plaintiff's vague and conclusory statements that Defendants violated her constitutional rights fail to state a claim for relief. *Olson v. Carmack*, No. 15-9156-JAR, 2015 WL 6871557, at *2 (D. Kan. Nov. 9, 2015), *aff'd*, 641 F. App'x 822 (10th Cir. 2016); *Queen v. Kelly*, No. 21-CV-2229-JAR-TJJ, 2021 WL 2935897, at *2 (D. Kan. July 13, 2021) ("'Nevertheless, conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.'" (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991))).

### A.      Standards for Screening Plaintiff's Complaint

Because Plaintiff proceeds IFP, her complaint is subject to screening under 28 U.S.C. §

1915(e)(2)(B).  That statute authorizes the Court to dismiss a case at any stage if it determines the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  *Id.*; *see also Salgado-Toribio v. Holder*, 713 F.3d 1267, 1270 (10th Cir. 2013) (screening applies to all litigants proceeding IFP).  The screening process "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."  *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

In screening the complaint to determine whether it states a claim, the Court applies the same standard it applies to Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  In applying this standard, the Court need not accept as true legal conclusions couched as factual allegations.  *Id.*

Because Plaintiff proceeds pro se, the Court liberally construes her complaint. *Johnson v. Johnson*, 466 F.3d 1213, 1214 (10th Cir. 2006). But in doing so, the Court does not "assume the role of advocate for the pro se litigant." *Hall*, 935 F.2d at 1110. Rather, Plaintiff still bears "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Olson*, 641 F. App'x at 826 ("Conclusory statements unsupported by factual allegations are insufficient to state a claim, even for a pro se plaintiff."). The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

## B.    Plaintiff's 42 U.S.C. § 1983 Claims

Plaintiff appears to allege that she was falsely arrested. ECF No. 1 at 3. As a result of such arrest, Plaintiff may be implying that she was maliciously prosecuted, which resulted in her false imprisonment (i.e., being improperly placed in jail without bail). But as the Court noted in its IFP order, there are no facts in the complaint pertaining to these claims and as such, Plaintiff has failed to plausibly allege any cognizable federal claim. "While a complaint generally need not plead detailed facts, Fed. R. Civ. P. 8(a), it must give the defendant sufficient notice of the claims asserted by the plaintiff so that they can provide an appropriate answer." *Allen v. Kansas*, No. 21-1250-JWB-KGG, 2021 WL 6066407, at *2 (D. Kan. Nov. 18, 2021), *report and recommendation adopted*, No. 21-1250-JWB-KGG, 2021 WL 6062608 (D. Kan. Dec. 22, 2021) (citing *Monroe v.*

7

*Owens*, 38 F. App'x 510, 515 (10th Cir. 2002)).  Based on the complaint as filed, which Plaintiff chose not to amend, the Court cannot discern a 42 U.S.C. § 1983 claim.  "Because [Plaintiff's] complaint does not allege facts implicating any defendant, it would be impossible for her to prevail on any claim asserted against them."  *Etheredge*, 2023 WL 5351163, at *2.

The Court has liberally construed Plaintiff's complaint, but it is "too vague and unintelligible to inform the named defendants of the legal claims being asserted."  *Galindo v. Lampela*, 513 F. App'x 751, 753 (10th Cir. 2013).  "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim."  *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013) (quoting *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998) (emphasis original)).  Courts "should dismiss claims which are supported only by vague and conclusory allegations."  *Northington v. Jackson*, 973 F.2d 1518, 1521 (10th Cir. 1992).  It would be futile to give Plaintiff another opportunity to amend because the Court already gave Plaintiff the opportunity to amend her complaint to address the concerns the Court detailed in writing to Plaintiff, but she declined.  The Court therefore recommends dismissal of Plaintiff's complaint for failure to state a claim.

### 1.     Plaintiff does not allege the individually named Defendants acted under color of law.

To state a § 1983 claim, Plaintiff must plausibly allege that she has been "deprived of a right secured by the Constitution and the laws of the United States."  *Johnson v. Rodrigues*, 293 F.3d 1196, 1201-02 (10th Cir. 2002) (internal quotation marks omitted) (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).  Plaintiff additionally must allege that the "'deprivation was committed by a person acting under color of state law.'"  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quoting *West*, 487 U.S. at 48).  The Court first addresses whether a constitutional deprivation was caused by a person acting under color of law.

Plaintiff names only three individuals in the complaint. "Scott Jacobs/Johnathon Noble" are identified only as being employed at "N.E. Conflicts Office." ECF No. 1 at 2. There is nothing in the complaint indicating that they are state officers or employees or even what the N.E. Conflicts Office is. *Id.* Moreover, Plaintiff does not allege that these individuals acted under color of law. *See Olson*, 2015 WL 6871557, at *2 (plaintiff's § 1983 claims against his neighbors were subject to dismissal, in part, because he did not allege "that these neighbors acted under color of state law.").

To the extent these individuals are private parties, private parties are not always beyond § 1983's reach. A private party can act under the color of state law if the party "'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'" *Johnson*, 293 F.3d at 1202 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). The complaint, however, does not set forth any facts suggesting that Defendants Jacobs and Noble acted under the color of state law or what actions they may have undertaken related to any of Plaintiff's claims.[5]

Plaintiff identifies Maban Wright only as "Shawnee County Courthouse." ECF No. 1 at 1. Although there are no facts indicating what relationship Maban Wright has to the Shawnee County Courthouse, the Court will assume Maban Wright is an employee at the Shawnee County

---

[5]    *See Olson*, 641 F. App'x at 827 (finding that the plaintiff did not show private persons were acting under color of state law because the amended complaint contained "no allegations that any of the [private persons] [were] acting directly under color of law" and was "devoid of any factual allegations, as opposed to unsupported conclusions, that the [private persons] reached an agreement with a state actor to violate" the plaintiff's constitutional rights); *Gross v. Samudio*, 630 F. App'x 772, 777 (10th Cir. 2015) ("A plaintiff asserting that a private actor deprived him of a constitutional right while acting under of color of state law must rely on more than conclusory allegations to state such a cause of action, but must include in his complaint 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" (quoting *Iqbal*, 556 U.S. at 678)).

Courthouse, although the complaint in no way alleges this much. Plaintiff does not allege how this individual acted under color of state law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West*, 487 U.S. at 49 (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *Id.* at 49-50 (citation omitted). "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50.

Plaintiff's complaint is devoid of any indication that Defendant Wright acted under color of law when Plaintiff allegedly was falsely arrested, maliciously prosecuted, or falsely imprisoned. At most, the complaint only suggests that Defendant Wright may be an employee of the state. But "the fact that a tort was committed by an individual employed by the state does not, *ipso facto*, warrant attributing all of the employee's actions to the state." *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). "Even when state employees are performing the services for which the state pays them, they may not be state actors while performing functions that the state has no right to control." *Hall*, 584 F.3d at 866.

There are no allegations that Defendant Wright acted under color of law or abused any power that they possess by virtue of state law. This alone warrants dismissal of any § 1983 claim Plaintiff may be raising against Defendant Wright. *See Hernandez-Chavez v. Corr. Corp. of Am.*, No. 07-3198-SAC, 2009 WL 1689304, at *2 (D. Kan. June 17, 2009) ("The plaintiff's filings offer no allegations from which to find or infer that CCA, or for that matter any of the alleged actors, acted under color of state law as required for a claim under 42 U.S.C. § 1983."); *Lewis v. Phropher*,

No. 08-2403-JWL, 2008 WL 5381854, at *2 (D. Kan. Dec. 22, 2008) (plaintiff's § 1983 claim for false arrest was subject to dismissal on the basis that the plaintiff failed to plead sufficient facts to show that tribal officers were acting under color of state law or acting under color of authority when the plaintiff was arrested).

### 2.    Plaintiff fails to specifically identify any Topeka Police Officers.

In addition to the three individuals discussed above, Plaintiff names "Topeka Police Department Officers" and the "Arresting Officers" as Defendants. ECF No. 1 at 2. Plaintiff does not specifically identify by name any individual officer and does not describe any specific action undertaken by one or more of these unnamed officers other than they were the "Arresting" officers. *See generally* ECF No. 1. Plaintiff's failure to provide any information regarding what any specific officer is alleged to have done is fatal to her claims.[6] But even if the complaint provided sufficient information to identify these unnamed officers, Plaintiff fails to allege each officer's personal participation in any actions that form the basis of the cause of action or how these unnamed officers

---

[6]    *See, e.g., Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 686 (10th Cir. 2019) ("Section 1983 plaintiffs may only 'use unnamed defendants,' if they provide[ ] an adequate description of some kind which is sufficient to identify the person involved so process eventually can be served. A complaint must make clear exactly *who* is alleged to have done *what* so that defendants can ascertain what particular unconstitutional acts they are alleged to have committed. Mayfield's complaint falls short of that standard. His undifferentiated allegations against John Doe officers make it impossible to identify any BSO officer for service of process. And an officer would not know, on the basis of Mayfield's generalized allegations, what wrongdoing he or she is alleged to have committed." (internal citations and quotation marks omitted; emphasis original)); *Tahchawwickah v. Brennon*, No. 23-3238-JWL, 2023 WL 7699575, at *3 (D. Kan. Nov. 15, 2023) ("An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights." (internal citation omitted)).

were acting under color of law with regard to any actions they took.  Plaintiff's wholesale failure
to provide any of this information is fatal to her claims.

### 3. Plaintiff does not plead sufficient facts to state a § 1983 claim for false arrest.

"To maintain a . . . false arrest . . . claim under § 1983, plaintiffs must demonstrate the
elements of a common law claim and show that their Fourth Amendment right to be free from
unreasonable search and seizure has been violated." *Trimble v. Park Cnty. Bd. of Comm'rs*, 242
F.3d 390 (10th Cir. 2000).  In the Tenth Circuit, "the state tort law of false arrest . . . provides a
starting point for analyzing a corresponding claim under § 1983." *Jackson v. New Mexico Pub.
Def's Off.*, 361 F. App'x 958, 964 (10th Cir. 2010).  "Under Kansas law, plaintiffs asserting a false
arrest claim must show they were 'unlawfully caused to be arrested by the defendants, and, though
it is not necessary that the arrest was directly ordered by the defendants, it must appear that they
either instigated it, assisted in the arrest, or by some means directed, countenanced or encouraged
it.'" *Fullen v. City of Salina, Kansas*, No. 21-4010-JAR-TJJ, 2021 WL 4476780, at *10 (D. Kan.
Sept. 30, 2021) (quoting *Douglass v. Garden City Cmty. Coll.*, No. CV 20-2076-KHV, 2021 WL
2338247, at *5 (D. Kan. June 8, 2021)).  Plaintiff pleads none of the requirements for a § 1983
claim for false arrest.

To begin, Plaintiff's arrest standing alone is insufficient to support a claim of false arrest.
Plaintiff does not cite to the Fourth Amendment or explain how her Fourth Amendment right to
be free from unreasonable search and seizure was violated.  *See generally* ECF No. 1.  Plaintiff,
for example, does not allege that she was arrested without probable cause or without a warrant.

*See Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) ("We analyze the constitutionality of a warrantless arrest under the probable cause standard.").[7]

Moreover, Plaintiff does not provide any details regarding the circumstances that lead to her alleged false arrest.  Plaintiff does not specify where the alleged false arrest occurred, who specifically arrested her, or why she believes her arrest was unlawful.  *See Jackson v. Farris*, No. 08-3283-SAC, 2008 WL 5274610, at *2 (D. Kan. Dec. 16, 2008) (The plaintiff's claim were "clearly insufficient to state a federal constitutional violation on the part of the named defendant" because he did not "describe even one act by" the defendant, "how he was injured by that act" or "provide the dates or location of unconstitutional acts.").  Plaintiff does not specify how any of the Defendants were involved in her arrest (i.e., whether they instigated it, assisted in the arrest, or otherwise directed, countenanced, or encouraged it).  Plaintiff does not identify who the Topeka police officers are, or how many were involved in her alleged false arrest, or what individual acts each officer committed.  *See Pahls*, 718 F.3d at 1225 ("But common to all § 1983 and *Bivens* claims is the requirement that liability be predicated on a violation traceable to a defendant-official's 'own individual actions.'" (quoting *Iqbal*, 556 U.S. at 676)).  Therefore, Plaintiff fails to state a § 1983 claim for false arrest.

---

[7]    Moreover, the unnamed Topeka police officers may be entitled to qualified immunity. *See, e.g., id.* ("When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff." (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991))).  It goes without repeating, however, that Plaintiff has plead insufficient facts to even consider whether the unnamed officers are entitled to qualified immunity. *See Martinez v. Mafchir*, 35 F.3d 1486, 1490 (10th Cir. 1994) ("To reach the question of whether a defendant official is entitled to qualified immunity, a court must first ascertain whether the plaintiff has sufficiently asserted the violation of a constitutional right at all.").

### 4. Plaintiff does not plead sufficient facts to state a § 1983 claim for false imprisonment.

The Tenth Circuit has explained that "'a plaintiff who claims that the government unconstitutionally imprisoned him has at least two potential constitutional claims.'" *McKnight v. City of Topeka, Kansas*, No. 19-2353-DDC-GEB, 2020 WL 1320724, at *4 (D. Kan. Mar. 20, 2020) (quoting *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008)). These two potential claims are as follows:

> If he has been imprisoned without legal process he has a claim under the Fourth Amendment analogous to a tort claim for false arrest or false imprisonment. If he has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution.

*Mondragon*, 519 F.3d at 1082.

Plaintiff does not allege whether her false imprisonment claim arises under the Fourth Amendment or the Fourteenth Amendment. But even if she had, she pleads no facts about the circumstances that lead to her placement in jail. Plaintiff does not allege why she was placed in jail, when she was placed in jail, or for how long she was in jail.[8] Plaintiff, for example, does not allege that she was restrained without probable cause or other legal process. *See Price v. Cochran*, 205 F. Supp. 2d 1241, 1250 (D. Kan. 2002), *aff'd*, 66 F. App'x 781 (10th Cir. 2003) ("To establish a claim for false imprisonment under Kansas state law, 'all that is necessary is that the individual be restrained of his liberty without any sufficient legal cause therefor, and by words or acts which the one being restrained fears to disregard . . .'" (quoting *Wright v. Montgomery Ward & Co.,* 814 F.Supp. 986, 989 (D. Kan. 1993) *aff'd sub nom. Wright v. Montgomery Ward & Co.*, 25 F.3d 1059

---

[8] The Court assumes she is no longer in jail because she lists a personal address that does not appear to be associated with any jail or detention facility. ECF No. 1 at 1.

(10th Cir. 1994))).  The Court will not supply additional facts to round out Plaintiff's potential false imprisonment claim or try to guess what type of constitutional injury she is asserting.[9] Therefore, Plaintiff fails to state a § 1983 claim for false imprisonment.

### 5. Plaintiff does not plead sufficient facts to state a § 1983 claim for malicious prosecution.

It is possible that Plaintiff's complaint attempts to allege a § 1983 claim for malicious prosecution.  The Tenth Circuit has articulated five elements for a malicious prosecution claim under § 1983: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Margheim v. Buljko*, 855 F.3d 1077, 1085 (10th Cir. 2017).  But "the ultimate question with a malicious prosecution claim brought under § 1983 is 'whether the plaintiff has proven a *constitutional* violation.'" *Aguilar v. Wilson*, No. 23-3136-JWL, 2023 WL 4885758, at *3 (D. Kan. Aug. 1, 2023) (quoting *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) (emphasis original)).

Plaintiff's complaint is devoid of any factual allegations that could support this cause of action.  Plaintiff does not plead what Defendant, if any, caused her confinement or prosecution, or that such prosecutor acted with malice.  There is no allegation that the original action terminated

---

[9]    Whether Plaintiff is bringing a Fourth or Fourteenth Amendment claim for false arrest also impacts when such a claim accrues. *See Mondragon*, 519 F.3d at 1083 ("The period of time between an unlawful arrest and the institution of legal process forms one constitutional claim, arising under the Fourth Amendment.  That claim accrues when the plaintiff is released or legal process is instituted justifying that imprisonment.  The period of time between the institution of that process and its favorable termination—through acquittal, habeas corpus, voluntary dismissal, etc.—forms a second claim, arising under the Due Process Clause.  That claim accrues, at the earliest, when favorable termination occurs.").  But the Court cannot consider whether such claims have accrued because of Plaintiff's failure to plead any circumstances related to her placement in jail, including the timing of such placement.

in favor of Plaintiff or even that probable cause was lacking for the original arrest, continued confinement, or prosecution. Plaintiff does not even plead when or where she was prosecuted. Plaintiff's vague and conclusory allegations of "abuse infringement of my civil liberty," ECF No. 1 at 4, for example, are "insufficient to make out [a] viable § 1983 claim[] for . . . malicious prosecution against any Defendant." *Fullen*, 2021 WL 4476780, at *11. Therefore, to the extent Plaintiff is attempting to bring a § 1983 claim for malicious prosecution, she fails to state such a claim.

### C.    Dismissal of the State Law Claims

As explained above, the complaint does not plausibly allege any discernable federal claim. Because Plaintiff's attempted federal claims are subject to dismissal, the Court must have an independent basis to continue to exercise jurisdiction over Plaintiff's potential state law claims for defamation, trespass, false arrest, false imprisonment and/or malicious prosecution.

The complaint does not allege a factual basis to support diversity jurisdiction. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); *see also* 28 U.S.C. § 1332(a)(1) (requiring that the action be between "citizens of different States"). The complaint does not allege the citizenship of any of the parties. *See generally* ECF No. 1. Plaintiff lists a Kansas address, but her current residence does not establish that she is a Kansas citizen. Defendants are all listed as being from Topeka, Kansas, which again does not establish the citizenship of any Defendant. *Id.* at 2. Complete diversity of citizenship is lacking even if the Court were to assume that these allegations constituted citizenship.

Although the complaint does not invoke or reference it, 28 U.S.C. § 1367 authorizes supplemental jurisdiction over state law claims when the Court has original jurisdiction over other

claims.  But "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *see also Exum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138-39 (10th Cir. 2004) (explaining that the district has discretion to decline to exercise supplemental jurisdiction over state law claims when it has dismissed all claims over which it had original jurisdiction); 28 U.S.C. § 1367(c)(3) (stating that district courts may decline to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction").  Indeed, courts routinely decline to exercise supplemental jurisdiction over state-law claims when federal claims do not survive screening, as is the case here.[10]

For these reasons, the Magistrate Judge also recommends that the District Judge decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss these claims without prejudice.

---

[10]     *See, e.g., Richmond v. Original Juan & Spicin Foods*, No. 21-2500-DDC-TJJ, 2022 WL 103290, at *3 n.2 (D. Kan. Jan. 11, 2022) (dismissing federal claims on screening and declining to exercise supplemental jurisdiction to the extent plaintiffs alleged plausible state law claims); *Pledger v. Russell*, No. 16-2770-JAR-GLR, 2016 WL 11185553, at *2 (D. Kan. Dec. 7, 2016) (same), *report and recommendation adopted*, No. 16-2770-JAR, 2017 WL 64977 (D. Kan. Jan. 6, 2017); *Tinner v. Foster*, No. 11-2695-EFM-KGG, 2012 WL 1473417, at *6 (D. Kan. Apr. 27, 2012) (same); *see also Drake v. Sometime Spouse, LLC*, 784 F. App'x 602, 605 (10th Cir. 2019) (finding that the district court did not abuse its discretion in refusing to exercise supplemental jurisdiction over plaintiff's state law claims when the federal claim had not survived screening).

**III.    CONCLUSION**

For the reasons explained above, the Magistrate Judge recommends that the District Judge: (1) dismiss Plaintiff's federal claims under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff's complaint does not state a claim upon which relief may be granted; and (2) decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice.

*    *    *

Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and D. Kan. Rule 72.1.4(b), Plaintiff may file written objections to this Report and Recommendation within fourteen days after being served with a copy.  If Plaintiff fails to file objections within the fourteen-day time period, no appellate review of the factual and legal determinations in this report and recommendation will be allowed by any court.  *See In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).

**IT IS SO ORDERED.**

Dated: January 18, 2024, at Topeka, Kansas.


/s/ Rachel E. Schwartz
Rachel E. Schwartz
United States Magistrate Judge