## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MICHELLE LYNN CANFIELD,

           **Plaintiff,**

v.

MABAN WRIGHT, et al.,

           **Defendants.**

Case No. 23-4106-DDC-RES

## MEMORANDUM AND ORDER

Before the court is United States Magistrate Judge Rachel Schwartz's Report and Recommendation (Doc. 6). Magistrate Judge Schwartz recommends that the court dismiss this case without prejudice for failure to state a claim upon which relief can be granted, and decline to exercise supplemental jurisdiction over remaining state law claims. Doc. 6 at 18. Plaintiff Michelle Lynn Canfield[1] received notice of the right to object to the Report and Recommendation within 14 days of its service under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). *Id.* The Report and Recommendation also explained that plaintiff, to secure appellate review, must file any objections within the 14-day period. *Id.*

Plaintiff has consented to electronic service of all documents. *See* Doc. 4. On January 18, 2024, the Clerk of the Court filed the Report and Recommendation on the docket. Doc. 6. Plaintiff thus received service of the Report and Recommendation on January 18, 2024, because the Clerk "fil[ed] it with the court's electronic-filing system[.]" Fed. R. Civ. P. 5(b)(2)(E); *see*

---

[1]       Because plaintiff appears pro se, the court construes her pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court can't assume the role of her advocate. *Id.* Also, plaintiff's pro se status doesn't excuse her from "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.*

*Farr v. Davis*, No. 16-2180, 2017 WL 3334642, at *1 (D. Kan. Aug. 4, 2017) (concluding pro se plaintiff received notice of report and recommendation because plaintiff had consented to receive electronic notice of court filings).  Thus, the time for plaintiff to file an objection expired on February 1, 2024.

Plaintiff has not filed an objection.  Nor has plaintiff sought an extension of time to file an objection.  And so, the court now can accept, adopt, and affirm the Report and Recommendation.  And it does so.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."); *see also Garcia v. City of Albuquerque*, 232 F.3d 760, 766–67 (10th Cir. 2000) (explaining under Fed. R. Civ. P. 72(b) a district court must make a de novo determination only for those portions of the report and recommendation to which a party specifically has objected).

Having reviewed plaintiff's Complaint (Doc. 1) and Magistrate Judge Schwartz's Report and Recommendation (Doc. 6), the court determines that Magistrate Judge Schwartz's analysis and conclusions are sound.  The court thus adopts Magistrate Judge Schwartz's recommendation and dismisses plaintiff's Complaint (Doc. 1) for failure to state a claim.  It also declines to extend supplemental jurisdiction over plaintiff's remaining state law claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Complaint (Doc. 1) is dismissed without prejudice.  The court directs the Clerk to close this case.

**AND IT IS FURTHER ORDERED BY THE COURT THAT** the Report and Recommendation issued by United States Magistrate Judge Rachel Schwartz on January 18, 2024, (Doc. 6) is **ACCEPTED**, **ADOPTED, and AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 15th day of July, 2024, at Kansas City, Kansas

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge